UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CYNTHIA D. BEACHY,                    )
                                       )
         Plaintiff,                    )
                                       )
         v.                            )     Case No. 3:17-CV-097 JD
                                       )
NANCY A. BERRYHILL, Acting             )
Commissioner of Social Security,       )
                                       )
         Defendant.                    )

## OPINION AND ORDER

Plaintiff Cynthia Beachy applied for social security disability benefits after being

diagnosed with congestive heart failure and cardiomyopathy, among other conditions. Though

she was able to return to part-time work after a period of recovery, she alleges that her conditions

left her unable to work on a full-time basis. An administrative law judge concluded that Ms.

Beachy could still perform light work and would be able to perform some of her past relevant

work, so she found that Ms. Beachy was not disabled. Ms. Beachy now appeals that decision.

For the reasons below, the Court remands this matter to the Commissioner for further

proceedings.

## I. FACTUAL BACKGROUND

Cynthia Beachy suffered from chronic obstructive pulmonary disease for some time,

though she was still able to maintain full-time employment. In April 2014, however, she began

experiencing chest pain and shortness of breath, and was diagnosed with congestive heart failure

and cardiomyopathy. Tests showed that she had a very low ejection fraction, meaning a small

amount of blood was being pumped through her heart on each beat. She was released from the

hospital once her condition stabilized, but she remained off work. Over time her condition

improved, and by September 2014 her ejection fraction began approaching normal levels. Ms. Beachy returned to work about two days a week as an assistant manager of a retail store around that time, but she claims that she was unable to work full-time because she fatigued easily and was unable to maintain exertion over the course of a workweek.

Ms. Beachy applied for disability insurance benefits and supplemental security income, claiming that she became disabled in April 2014. In a decision issued in September 2016, an ALJ found that Ms. Beachy was not disabled. She concluded that Ms. Beachy retained the ability to perform light work, subject to some postural and environmental restrictions. In support of that finding, she relied in large part on Ms. Beachy's ability to work part time and the improvement in her heart conditions in the months following her April 2014 hospitalization. Based on testimony from a vocational expert, the ALJ found that a person with Ms. Beachy's residual functional capacity could still perform some of Ms. Beachy's previous jobs, including working as a waitress or retail store manager. Accordingly, the ALJ found that Ms. Beachy was ineligible for benefits. Ms. Beachy appealed that decision, but the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Ms. Beachy therefore filed this action seeking review of that decision.

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance."

*Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. Ultimately, while the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

## III. DISCUSSION

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential

evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, then in between steps three and four, the ALJ must then assess the claimant's Residual Functional Capacity ("RFC"), which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ then uses the RFC to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

In arguing for reversal, Ms. Beachy first argues that the ALJ erred in evaluating whether she met a listing for her respiratory conditions. She next argues that the ALJ failed to address the evidence of her COPD and the exacerbations of that condition in determining her RFC. Though

Ms. Beachy has not identified any error in the ALJ's listing analysis, the Court agrees that the ALJ erred in the latter respect. Accordingly, the Court does not reach Ms. Beachy's additional arguments as to the ALJ's analysis of her heart conditions or of her subjective complaints.

## A.    Listing

Ms. Beachy first argues that the ALJ erred in finding that she did not meet a listing based on her respiratory disorders. Under Listing § 3.02, an individual is considered disabled if they have a "one-second forced expiratory volume ($FEV_1$)" below a specified level. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 3.02. The listing specifies different levels based on the claimant's height, and uses the highest $FEV_1$ reading out of at least three tests to decide whether the claimant meets the listing. § 3.00(E). Under the regulation in effect on the date of the ALJ's decision (September 23, 2016), an individual whose height was 154 centimeters or less, or 60 inches or less, needed an $FEV_1$ of 1.05 or less to meet the listing. § 3.02A. An individual whose height was 155 to 160 centimeters, or 61 to 63 inches, needed an $FEV_1$ of 1.15 or less. Here, Ms. Beachy was measured at 60.4 inches tall (R. 557), which equals 153.4 centimeters. Thus, she fell in the former category, and needed an $FEV_1$ of 1.05 or less to meet the listing. However, her highest score was 1.17 (R. 557–59), which would not have qualified for either category, so as the ALJ explained, she did not meet the listing. Ms. Beachy argues that she only needed an $FEV_1$ of 1.15 to qualify, but she appears to be relying on a since-revised version of the listing. In addition, since her highest score was 1.17, she would not meet the listing even under that version. Accordingly, Ms. Beachy has not identified any error as to the ALJ's listing analysis that would warrant remand.

## B.    COPD

Ms. Beachy next argues that the ALJ erred by failing to consider and address the medical records pertaining to her COPD, and in particular the frequent exacerbations she experienced of that condition, as part of the RFC analysis. Though she claims that she became disabled with the

onset of her heart conditions in April 2014, she argues that her ongoing COPD and its frequent exacerbations caused additional fatigue and further impaired her ability to engage in full-time work on a consistent basis. In making an RFC determination, the ALJ must consider all of the relevant evidence in the record, and must build "an accurate and logical bridge from the evidence to her conclusion." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014). In doing so, an ALJ "need not discuss every piece of evidence in the record." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). However, an ALJ "may not ignore an entire line of evidence that is contrary to the ruling." *Terry*, 580 at 477; *Arnett*, 676 F.3d at 592. Furthermore, in arriving at an RFC, "an ALJ must consider the combined effects of all of the claimant's impairments." *Terry*, 580 at 477; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (noting that "the ALJ needed to consider the *aggregate* effect of this entire constellation of ailments"). Thus, even if a condition would not be disabling on its own, an ALJ must still consider the evidence relating to that condition and decide what effect, if any, it would have on the claimant's ability to work. *Terry*, 580 at 477; *Golembiewski*, 322 F.3d at 918.

Here, Ms. Beachy argues that the ALJ failed to comply with these standards and did not adequately consider and address the evidence of her COPD and the related exacerbations of that condition. In support of this argument, she identifies a line of evidence showing that she repeatedly sought treatment for her COPD and exacerbations of her COPD over many years. In 2009, she visited her doctor five times for bronchitis or COPD exacerbations. In 2011, she had another five such visits, with another six in 2012, and several more in 2013. Those visits continued into her claimed period of disability, as well, as she was diagnosed with acute COPD exacerbations in January, March, and August 2015. The notes for these visits often reflected that Ms. Beachy had diminished breath sounds or wheezing and that she was complaining of

congestion. Ms. Beachy testified at the hearing before the ALJ that these exacerbations caused her to experience even more tiredness and fatigue than usual.

Though the ALJ found at step two that Ms. Beachy's COPD was a "severe" impairment, the decision did not again specifically reference Mr. Beachy's COPD, and it did not cite any of this evidence. Thus, Ms. Beachy argues that the ALJ improperly ignored this line of evidence in her favor and failed to consider the combined effects of her COPD and its exacerbations along with her other conditions. Despite characterizing this as Ms. Beachy's "primary argument" on appeal, the Commissioner's response to this argument is brief and largely non-responsive. The Commissioner does note, correctly, that one of the pieces of evidence on which Ms. Beachy relies for this argument was a doctor's note that post-dated the ALJ's decision. The ALJ cannot be faulted for failing to address a document that did not exist at the time of her decision, and Ms. Beachy does not challenge the Appeals Council's denial of review, so the Court does not consider that note for these purposes.

Beyond that single piece of evidence, however, the entirety of the Commissioner's response to this argument is that even though Ms. Beachy alleged disability beginning in April 2014, she cited evidence going back to 2009, and that while that evidence is "not irrelevant, it is hardly surprising that the ALJ did not discuss evidence from as much as five years before [Ms. Beachy's] alleged disability began." [DE 14 p. 5]. This response plainly fails to address Ms. Beachy's argument or defend the ALJ's decision. First, even if the ALJ need not have cited evidence from five years prior to Ms. Beachy's alleged disability, the Commissioner concedes that evidence from prior to her disability is "not irrelevant," and offers no reason why the ALJ need not have addressed this line of evidence at all. COPD is not a condition that goes away, and Ms. Beachy experienced effects from that condition over an extended period of time. The

evidence of that condition from before her alleged disability is probative of the effects she experienced within her alleged period of disability and should have been considered. Second, and more notably, the Commissioner's argument entirely fails to address the evidence Ms. Beachy cited from *within* her alleged period of disability, during which she continued experiencing exacerbations of her COPD. Again, that evidence was probative of Ms. Beachy's ability to work a full workweek (as opposed to the two days a week she alleges she is limited to) and to do so consistently enough to maintain employment, but the ALJ's decision did not specifically acknowledge this evidence.

The Commissioner makes no other attempt to defend the ALJ's decision as to this issue. She does not argue that this line of evidence was not substantial enough to deserve mention, and the Court does not find that to be the case. Nor does the Commissioner argue that the ALJ's assessment of this evidence can be inferred through the decision's discussion of other evidence in the record, or that any omission should be considered harmless. Therefore, because the evidence of Ms. Beachy's acute COPD exacerbations could plausibly affect the ALJ's assessment of how much exertion Ms. Beachy is capable of, and of whether she can consistently maintain that level of exertion over a full workweek, and the Commissioner has not meaningfully responded to Ms. Beachy's argument on this topic, the Court finds that reversal is warranted. On remand, the ALJ should consider any effects of Ms. Beachy's COPD (and its exacerbations) in combination with her other limitations in determining Ms. Beachy's RFC and in weighing the other evidence in the record.

Ms. Beachy also asks that the Court order the Commissioner to make a fully favorable decision and award her benefits. However, she makes that argument only in passing and does not

develop it. In addition, the record is not so one-sided as to compel a finding that Ms. Beachy is disabled. Thus, the proper remedy is to remand for further proceedings.

## IV. CONCLUSION

For those reasons, the Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED:  January 22, 2018


_____/s/ JON E. DEGUILIO_____
Judge
United States District Court